UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH DAWN EVANS,<br><br>Defendant. | Case No. 4:18-cr-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Elizabeth Dawn Evans' Petition for Commutation of Sentence (Dkt. 116) that the Court will liberally construe as a Motion for Compassionate Release. The Government has filed its Response (Dkt. 118) objecting to the Motion, and Ms. Evans has replied in the form of a letter (Dkt. 119). Having reviewed the pleadings and the record, the Court will deny the Motion whether considered as a Petition for Commutation of Sentence or as a Motion for Compassionate Release.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Ms. Evans pleaded guilty to Count One of the Superseding Information alleging possession of sexually explicit images of minors in violation of 18 U.S.C. § 2252(a)(4)(B). The Court imposed a sentence of 180 months to be followed by ten years of supervised release. Dkt. 79. The offense was particularly egregious because it involved the images of her own minor child which led to the imposition of certain sentencing guideline enhancements.

Ms. Evans is incarcerated at FCI Dublin with an expected release date of December 19, 2030. *See* https://www.bop.gov/inmateloc/ (last accessed June 17, 2022). She has served approximately half of her sentence. She now requests that her sentence be reduced to time served and release to home confinement.

The form on which Ms. Evans submitted her request for sentence reduction is entitled "Petition for Commutation of Sentence," and it is addressed "To the President of the United States." Furthermore, the oath on the final page refers to "petition for executive clemency." "[O]nly the president has the power to grant clemency for offenses under federal law." *Harbison v. Bell*, 556 U.S. 180, 187 (2009) (citing U.S. Const. Art. II, § 2, cl.1)). Therefore, if she truly intended to seek clemency, she should direct her petition to the President of the United States. *See United States v. Barrios-Socop*, No. CR-12-2006-RMP, 2013 WL 4214641, at

**MEMORANDUM DECISION AND ORDER - 2**

\*3 (E.D. Wash. Aug. 14, 2013) (denying petition for commutation of sentence on grounds that the court does not have power to grant executive clemency). In its Response, the Government treated Ms. Evans' petition as a motion for compassionate release under § 3582(c)(1)(A). Given that Ms. Evans did not object to characterization of her petition as a motion for compassionate release, the Court will treat it as such and assume that she was not seeking presidential clemency.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). "[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). If the exhaustion requirement is met, the court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons" for a reduction exist and the court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. *Id*. at 1283-84 (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)). A defendant bears the burden of demonstrating that relief is warranted when a motion for compassionate release under § 3582 is filed by the Director of the Bureau of Prisons. *United States v. Sprague*, 135 F.3d 1301,

MEMORANDUM DECISION AND ORDER - 3

1306-07 (9th Cir, 1998). Given that the Ninth Circuit has not yet considered the burden issue when the motion is filed by a defendant, district courts have continued to place the burden on the defendant. *See United States v. Blackwell*, No. 1:19-cr-00063-DAD-BAM-1, 2022 WL 2067877, at *4 (E.D. Cal. 2022) (citations omitted).

## ANALYSIS

1. **Exhaustion of Administrative Remedies**

Although Ms. Evans does not address the exhaustion issue, the Government concedes that she presented a request for release to the Bureau of Prisons and that at least thirty days have passed since she presented the request thus satisfying the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

2. **Extraordinary and Compelling Reasons**

Ms. Evans seeks release to home confinement under supervision to be able to better tend to her mental and physical health and to obtain a job to enable her to pay more towards her fines and restitution. She states her health has been declining during her incarceration culminating in a serious kidney infection (initially diagnosed as a kidney stone) that had been building up for a year. A stent was inserted in November of 2021 to help the infection drain. It was removed in December of 2021.

MEMORANDUM DECISION AND ORDER - 4

The Government contends that Ms. Evans has recovered from her kidney infection and has no identified serious health issues. In her Reply, Ms. Evans states that she is still on medication for her kidney issue, that she still has pain in her left kidney, and that she is worried that her kidney(s) will fail or deteriorate. She claims that she needs better medical care than she is receiving.

Ms. Evans has failed to carry her burden of demonstrating extraordinary and compelling reasons justifying compassionate release. Her kidney infection appears to have been successfully treated despite some lingering effects. Ms. Evans' ongoing discomfort and generalized fear that her kidney(s) will deteriorate or fail are simply not enough to warrant release. Given that the BOP is apparently continuing her on medication to address her kidney issues, her medical needs are not being ignored.

### 3. Applicable § 3353(a) Factors

Ms. Evans has acknowledged her culpability, recognized the seriousness of her offense, and expressed remorse as well as an increased awareness of her relationship and addiction issues. As she states in her motion and as confirmed in the FSA Recidivism Risk Assessment, she has taken numerous classes while incarcerated that exhibit a desire to improve her own mental health issues, parenting skills, and job prospects upon release. She has also set worthwhile goals

and established a release plan with suggested stringent release conditions to ensure her success. Her risk assessment concludes that she has a low risk of reoffending.

Ms. Evans' efforts at self-improvement and success upon release are certainly commendable and will increase her chances of a successful rehabilitation. However, even if she had established extraordinary and compelling reasons for release, the Court cannot find that they would override the § 3553(a) considerations of adequate deterrence, promoting respect for the law, protection of the public, and the need for correctional treatment.

The Court's imposition of a 180-month sentence evidenced the need to address those factors among others. Ms. Evans has served only roughly one-half of that sentence. To reduce that sentence so substantially would not reflect the seriousness of her offense or serve to adequately deter other parents from committing the same type of offense involving their minor child. Furthermore, Ms. Evans states that her offense was committed while under the influence of both marijuana and methamphetamine the use of which was encouraged by her allegedly controlling co-defendant. As she notes in her Reply, Ms. Evans is on the waiting list for both the Residential Drug Abuse Program (RDAP) and the Non-Residential Drug Program (NRDAP). Given that she blames her conduct in large part on substance abuse issues, the Court is concerned with protecting the public if

**MEMORANDUM DECISION AND ORDER - 6**

she were to relapse upon release. Participation in the RDAP and/or NRAP programs before release are imperative to build on the growth she has already experienced. For all of these reasons, the Court finds that consideration of the § 3553(a) factors weigh against release.

## CONCLUSION

Ms. Evans has failed to meet her burden of demonstrating any basis for relief under 18 U.S.C. § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED that** Ms. Evans' Petition for Commutation of Sentence (Dkt. 116) construed as a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

DATED: August 10, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**